Markus W. Louvier, WSBA #39319
Sean M. King, WSBA #52104
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE BROW ROOM, a sole proprietorship operating and doing business in the State of Washington, | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| MEDICAL LASER EXPERTS, LLC, a Delaware limited liability company, | |
| Defendant. | |

COMES NOW, Plaintiff, The Brow Room, by and through its undersigned

counsel of the law firm of Evans, Craven & Lackie, P.S., and alleges as follows:

## I. **INTRODUCTION**

    1.1    This is a breach of contract and warranties action arising from the sale

of goods between Defendant Medical Laser Experts, LLC ("MLE") and Plaintiff

COMPLAINT FOR DAMAGES - page 1

The Brow Room ("TBR"). MLE and certain of its employees and/or agents misled TBR for months regarding the functionality and delivery status of cosmetic lasers and other assorted goods purchased by TBR from MLE on March 30, 2020. As a result of MLE's breach of contract and breach of numerous warranties provided for in Washington's Uniform Commercial Code, TBR has sustained actual and ongoing economic loss.

## II.    PARTIES

2.1    Plaintiff re-alleges the prior section as though fully set forth herein.

2.2    Plaintiff TBR is a sole proprietorship located and doing business in Spokane County, Washington.

2.3    Defendant MLE is, upon information and belief available to Plaintiff, a Delaware limited liability company maintaining offices in the State of North Carolina. MLE maintains and operates a warehouse and/or storage facility in Jupiter, Florida that the goods at issue in this case originated from. MLE was, at the time of the occurrence giving rise to this lawsuit, producing, marketing, supplying, labeling, promoting, selling, repairing, distributing, and placing into the stream of commerce cosmetic laser equipment and related goods. MLE does business in the State of Washington, and at all relevant times, it marketed, sold, and distributed its products in interstate commerce in the State of Washington. At

COMPLAINT FOR DAMAGES - page 2

*Evans, Craven & Luckie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

the time of the events described herein, MLE was, and presently is, doing business in the State of Washington and across the United States.

### III.    JURISDICTION & VENUE

3.1    Plaintiff re-alleges the prior sections as though fully set forth herein.

3.2    This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and the Defendant. This Court has supplemental jurisdiction over the state law claims. The amount in controversy exceeds $75,000.

3.3    Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391.

### IV.    FACTS

4.1    Plaintiff re-alleges the prior sections as though fully set forth herein.

4.2    Prior to the actual purchase of MLE products, TBR conducted online research for cosmetic laser equipment to purchase for its place of business located in Spokane County, Washington. TBR located a cosmetic laser for sale on eBay. The eBay listing for said laser was generated and placed on eBay by MLE.

4.3    On March 30, 2020, TBR purchased two lasers, supporting equipment, and technical training/support from MLE in the amount of $48,745.

COMPLAINT FOR DAMAGES - page 3

TBR made an initial payment of $10,000 to MLE on March 30, 2020. TBR paid the remaining amount for the goods on April 8, 2020.

4.4     The first of the two ordered lasers, the Hoya ConBio Medlite C6 Q-Switched laser system ("C6"), was delivered to TBR on April 7, 2020 in inoperable condition. TBR was advised by "Dave" (no last name ever provided) at MLE that remaining items for the C6 were in transit and a "trainer" (or technician) would set everything up to make the laser functional. The "trainer" allegedly would come to TBR after delivery of the second laser, the Cutera XEO Laser Platform ("XEO"), to set everything up and train TBR on how to use the equipment.

4.5     On April 11, 2020, TBR inquired with "Dave" about delivery of the XEO. "Dave" advised the XEO would arrive sometime between April 13, 2020 and April 17, 2020. In fact, "Dave" and another individual named "Jay" (no last name provided) advised TBR on multiple occasions in April that the XEO would be delivered in April. "Jay" told TBR he was the MLE employee managing delivery of the XEO.

4.6     "Jay" reported on April 16, 2020 that the XEO would likely be delivered the weekend of April 17, 2020. When delivery did not occur that

COMPLAINT FOR DAMAGES - page 4

weekend, "Jay" then told TBR the XEO would be delivered by the end of the week of April 27, 2020. However, the XEO did not arrive until May 19, 2020.

4.7    As with the C6, the XEO was delivered in inoperable condition. Several error codes manifested including those indicating a bad power supply and control panel hand piece incompatibility. Also, numerous hand pieces and other equipment were and remain unfulfilled.

4.8    TBR also encountered numerous issues in scheduling an MLE technician to come on site at TBR to repair, install, and provide training on operation of the lasers. TBR was at the mercy of MLE to arrange and schedule a technician to examine, service, and install the lasers causing further delay and lost revenue.

4.9    After delivery of the unworkable lasers, MLE made many misrepresentations in regard to a service technician coming on site to TBR. Neither service nor training occurred in April, May, June, or July despite (1) deliveries of the two lasers occurring on April 7, 2020 and May 19, 2020 and (2) many misrepresentations by MLE and its agents and/or employees regarding on site service.

4.10    For example, on May 23, 2020, "Jay" advised TBR that "James" (no last name provided) would come to TBR the week of May 25, 2020 to service the

COMPLAINT FOR DAMAGES - page 5

XEO. On May 27, 2020, "Jay" again advised that he was in touch with "the tech" (presumed to be "James") and would update TBR regarding scheduling. "James" never came to TBR the week of May 25 to service the XEO or C6 despite "Jay's" representations to that effect.

4.11    There were numerous other occasions in April, May, June, and July where "Dave" or "Jay" promised they were scheduling or sending a trainer (or technician) to TBR to address the myriad of issues with the XEO and C6. "Dave" and "Jay" never lived up to these promises to the detriment of TBR. Further, TBR sent numerous messages that MLE ignored. If MLE did respond to TBR, the response failed to address the problems facing TBR due to the nonfunctioning lasers and missing equipment.

4.12    A replacement power supply for the XEO was not delivered to TBR until August 1, 2020. That same day, TBR inquired again as to when a service technician would be coming to TBR to address the numerous issues with both lasers. TBR had been requesting scheduling updates regarding a service technician visit since the C6 was delivered in April.

4.13    A service technician finally arrived at TBR to examine, service, and install the lasers on August 12, 2020. During the service technician appointment, the new power supply for the XEO was installed. However, the technician

COMPLAINT FOR DAMAGES - page 6

informed TBR that, other than one attached hand piece, the additional four hand pieces that were purchased by TBR would not function with the current XEO control panel configuration.

4.14    Of those four additional hand pieces, three were never delivered to TBR. The XEO has never functioned to promised requirements due to the still undelivered and incompatible hand pieces.

4.15    Further, the power supply for the C6 did not function and has never been repaired or replaced.

4.16    TBR attempted contact with MLE since the service technician visit on August 12, 2020, but MLE has not responded to TBR in any way since then.

4.17    TBR, through undersigned counsel, sent a letter to MLE's corporate offices in North Carolina and a warehouse in Florida where the invoice for the purchased goods was generated on November 5, 2020. The letter sent to the North Carolina address was received and signed for on November 9, 2020. MLE never responded to TBR's letter necessitating the filing of this action.

## V.    CAUSE OF ACTION NO. 1: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

5.1    Plaintiff re-alleges the prior sections as though fully set forth herein.

5.2    MLE is liable for breaching the implied warranty of merchantability. MLE is a "merchant" as defined in RCW 62A.2-104 and, as a merchant, MLE

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

impliedly warrants its goods are of merchantable quality. RCW 62A.2-314(2)(c)

provides that "goods to be merchantable must be . . . fit for the ordinary purposes

for which such goods are used." Because the lasers and assorted attachment pieces

for each laser sold by MLE to TBR were defective and incapable of being used on

TBR's customers, they were not fit for the ordinary purpose for which they are to

be used – cosmetic treatment and resurfacing.

  5.3  This breach of the implied warranty of merchantability was a

proximate cause of TBR's direct, indirect, incidental, and consequential damages.

## CAUSE OF ACTION NO. 2: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

  5.4  Plaintiff re-alleges the prior sections as though fully set forth herein.

  5.5  MLE is liable for breaching the implied warranty of fitness for a

particular purpose. RCW 62A.2-315 provides that, where the seller of a product

has reason to know of any particular purpose for which goods are required, and

that buyer of the goods is relying on the seller's skill or judgment to select or

furnish suitable goods, there exists an implied warranty that the goods are fit for

such purpose. The lasers and assorted attachment pieces for each laser were not fit

for their particular purpose of providing cosmetic treatment and resurfacing

because they have either never functioned or never been delivered to TBR.

COMPLAINT FOR DAMAGES - page 8

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

5.6    This breach of the implied warranty of fitness for a particular purpose was a proximate cause of TBR's direct, indirect, incidental, and consequential damages.

## CAUSE OF ACTION NO. 3: BREACH OF EXPRESS WARRANTY

5.7    Plaintiff re-alleges the prior sections as though fully set forth herein.

5.8    MLE is liable for breaching its own express warranty as delineated in RCW 62A.2-313. MLE expressly warranted the C6 and XEO lasers were refurbished and had been restored to working order. Further, MLE expressly warranted the C6 and XEO lasers had been inspected, cleaned, and repaired to full working order and are in "excellent condition."

5.9    These descriptions formed part of the basis of the bargain and created express warranties that the C6, XEO, and other assorted goods shall conform to the description. MLE breached these express warranties by selling goods that were inherently flawed or completely inoperable.

5.10    This breach of express warranty was a proximate cause of TBR's direct, indirect, incidental, and consequential damages.

## CAUSE OF ACTION NO. 4: BREACH OF CONTRACT

5.11    Plaintiff re-alleges the prior sections as though fully set forth herein.

COMPLAINT FOR DAMAGES - page 9

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

5.12   TBR and MLE entered into a contract for the purchase of cosmetic lasers and other assorted goods on March 30, 2020.

5.13   MLE breached the contract with TBR through its numerous acts and omissions as previously described.

5.14   TBR has incurred actual economic damages as a result of MLE's breach in an amount to be proven at the time of trial.

## CAUSE OF ACTION NO. 5: VIOLATION OF CONSUMER PROTECTION ACT

5.15   Plaintiff re-alleges the prior sections as though fully set forth herein.

5.16   MLE is liable to TBR for violating the Washington Consumer Protection Act, RCW 19.86 et seq. MLE, in the conduct of its trade and business, engaged in false, misleading and deceptive acts and practices in the marketing, labeling, selling, distributing and placing into the stream of commerce in the State of Washington its products, i.e. cosmetic lasers and laser attachments pieces, which had the capacity to, and did in fact, deceive the general public. MLE deliberately failed to disclose information pertaining to the defective nature of the lasers and the various attachment pieces, including the nonfunctioning power supply for each laser that rendered each machine inoperable, of which it possessed knowledge with the intention of inducing TBR to purchase its lasers and other assorted products.

COMPLAINT FOR DAMAGES - page 10

5.17   These violations were a proximate cause of TBR's direct, indirect, incidental, and consequential damages. Accordingly, MLE is liable for TBR's injuries, damages, treble damages, and attorneys' fees.

## VI.   DAMAGES

6.1   Plaintiff re-alleges the prior sections as though fully set forth herein.

6.2   TBR sustained damages as a direct and proximate result of MLE's failure to comply with the warranties mandated by the Washington Uniform Commercial Code, MLE's breach of the contract entered into with TBR on March 30, 2020, MLE's violation of the Washington Consumer Protection Act, and MLE's other acts and omissions resulting in damages to TBR. The acts and/or omissions of MLE were proximate causes of TBR's damages that are continuing, and include without limitation costs of purchase, loss of income, and other economic damages as permitted by the law of the State of Washington.

6.3   TBR seeks prejudgment interest on any judgment rendered in this lawsuit to the extent permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, TBR prays for judgment against MLE for economic damages in amounts to be proven at trial, treble damages and attorneys' fees, costs

COMPLAINT FOR DAMAGES - page 11

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

of suit, prejudgment interest as allowed by law and such other relief as the Court

may deem just.

DATED this 22nd day of January, 2021.

EVANS, CRAVEN & LACKIE, P.S.

Markus W. Louvier, WSBA #39319
Sean M. King, WSBA #52104
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - page 12