FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE BROW ROOM, a sole proprietorship operating and doing business in the State of Washington,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL LASER EXPERTS, LLC, a Delaware limited liability company,<br><br>Defendant. | No.   2:21-cv-00049-SMJ<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND DEFAULT JUDGMENT** |

Before the Court, without oral argument, is Plaintiff's Motion for Default Judgment, ECF No. 10. Having reviewed the relevant record, the Court is fully informed and finds that entry of default judgment is appropriate in this case.

## BACKGROUND

Plaintiff The Brow Room ("TBR") is a sole proprietorship operating in Spokane County, Washington. On March 30, 2020, Plaintiff purchased various laser equipment (two lasers, supporting equipment, and technical training/support) from Defendant Medical Laser Experts LLC in the amount of $48,745. ECF No. 1 ¶ 4.3. The first laser was delivered to Plaintiff on April 7, 2020 in inoperable condition. *Id.* ¶ 4.3. The second laser was delivered to Plaintiff on May 19, 2020—also in

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND DEFAULT JUDGMENT – 1

inoperable condition. *Id.* ¶¶ 4.6–4.7. Various other equipment was not delivered at all, and the purchased trainings never occurred. *Id.* ¶¶ 4.7; 4.9. Plaintiff has contacted Defendant several times and received either an inadequate response or no response at all. *Id.* ¶¶ 4.4–4.17.

On January 25, 2021, Plaintiff filed this action, alleging five causes of action. *See generally* ECF No. 1. Defendant was properly served with the summons, complaint, and civil cover sheet on April 3, 2021. ECF No. 2. Defendant did not file an answer, appear, or otherwise defend the action. On July 29, 2021, the Clerk's Office entered an Order of Default, ECF No. 8. Plaintiff then moved for default judgment, ECF No. 10, and Defendant did not respond.

## LEGAL STANDARD

Entry of default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When possible, cases should be resolved on their merits, and the entry of default judgment is an extreme measure reserved for unusual circumstances. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). In evaluating the propriety of default judgment, the court is guided by seven non-exclusive factors:

> (1) [T]he possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to

excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The court assumes the facts alleged in the complaint are true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## DISCUSSION

**A.     Default judgment is appropriate in this case**

First, the Court considers the possible prejudice to Plaintiff. *See Eitel*, 782 F.2d at 1471–72. Defendant has failed to defend itself in this action, despite having ample time to do so. Given this refusal, "default judgment is the only way for Plaintiff[] to receive compensation." *Liu Hongwei v. Velocity V Ltd.*, No. 2:15-cv-05061-ODW-E, 2018 WL 3414053, at *4 (C.D. Cal. July 11, 2018). This factor weighs in favor of default judgment.

Second, the Court considers the merits of Plaintiff's claims and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471–72. The Court assumes the facts alleged in the complaint are true. *Geddes*, 559 F.2d at 560. Plaintiff must "state a claim on which [it] may recover." *Liu Hongwei*, 2018 WL 3414053, at *4. Plaintiff alleges five causes of action: (1) breach of the implied warranty of merchantability; (2) breach of the implied warranty of fitness for a particular purpose; (3) breach of express warranty; (4) breach of contract; and (5) violation of

the Consumer Protection Act. ECF No. 1. Plaintiff has adequately pleaded all five claims against Defendant. The alleged conduct appears patterned, and the Court has little reservation about the merits of Plaintiff's substantive claims. The Court's view of the merits is, of course, limited by Defendant's non-appearance and the resultant one-sided nature of the evidence. Even so, the Court concludes, based on the record before it, that Plaintiff's claims are meritorious. This factor therefore weighs in favor of default judgment.

Third, the Court considers the sum of money at stake in the action. *See Eitel*, 782 F.2d at 1471–72. "This factor requires the Court to balance the amount of money at interest with the seriousness of Defendant's conduct." *Endobiogenics, Inc. v. Chahine*, No. 4:19-CV-00096-BLW, 2019 WL 4667669, at *5 (D. Idaho Sept. 23, 2019). Plaintiff seeks $93,512.00, as well as fees, costs, and statutory interest. ECF No. 10 at 4. The requested recovery is proportional to Defendants' alleged conduct. The Court thus finds this factor weighs in favor of default judgment.

Fourth, the Court considers the possibility of disputed material facts. *See Eitel*, 782 F.2d at 1471–72. Plaintiff has set forth a well-pleaded complaint alleging the facts necessary to establish its claims. Defendant did not file an answer, appear, or otherwise defend the action, causing the Clerk's Office to enter an Order of Default, ECF No. 8. Thus, no dispute has been raised, and the likelihood that any genuine issue may exist is remote. This factor therefore favors default judgment.

1      Fifth, the Court considers the possibility that Defendants defaulted due to excusable neglect. *See Eitel*, 782 F.2d at 1471–72. There is no excusable neglect when a defendant is "properly served with the complaint, the notice of entry of default, [and] the papers in support of the [default judgment] motion." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal 2001). Here, Defendant was properly served with the complaint, but the Court cannot determine whether Defendant was served with the notice of entry of default and the default judgment motion. This factor is therefore neutral.

     Finally, the Court considers the strong preference, expressed in the Federal Rules of Civil Procedure, for resolution of claims on the merits. *See Eitel*, 782 F.2d at 1471–72; *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Although this factor "almost always disfavors the entry of default judgment," it is not dispositive. *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C009-1585JLR, 2011 WL 1584434, at *6 (W.D. Wash. Apr. 27, 2011). That strong preference notwithstanding, the Court finds this is an appropriate case for entry of default judgment. Defendant has had ample opportunity to appear and defend against the merits of Plaintiff's claims, yet it has not done so. A decision on the merits of this case is impractical, if not impossible, at this time.

//

//

**B.    Relief**

Plaintiff's Motion for Default Judgment asks this Court to award a judgment of $93,512.00, plus statutory interest, attorneys' fees, and costs. Specifically, Plaintiff seeks to recover $48,745.00 for purchased laser equipment delivered to it in operable condition, ECF No. 12-1 at 2–3, $18,267.00 for replacement of the inoperable Hoya ConBio Medlite C6-Q Switched Laser System, *id.* at 13, $1,500.00 for technician travel and labor on the Cutera XEO laser, *id.* at 18, and $25,000.00 for a replacement Cutera XEO laser, *id.* at 21–23. Based on the submitted documentary evidence, the Court determines that judgment is for a "sum certain" based on the information available. *See* Fed. R. Civ. P. 55(b).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Default Judgment, **ECF No. 10**, is **GRANTED**.

    A.    **DEFAULT JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff in the amount of **$93,512.00 plus statutory interest accruing thereafter pursuant to 28 U.S.C. § 1961**.

2. By no later than **14 days from the date of this Order**, Plaintiff shall file its bill of costs and motion for attorney fees.

//

//

//

//

//

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

DATED this <u>8th</u> day of December 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND DEFAULT JUDGMENT – 7